IN THE MATTER OF DAVID W. WILLIAMS, DECEASED.

*Letters of administration—the non-residence of the person entitled to receive them does not prevent their being granted to him.*

The surrogate of New York having granted letters of administration upon the estate of one David Williams who died in Tennessee, leaving him surviving no widow, child or father, to the mother of the said David, an appeal was taken therefrom by a half brother of the deceased, who resided in this State, upon the ground that the mother being a non-resident of this State was excluded from acting as administrator by the policy of the law of this State.

*Held,* that the decree of the surrogate should be affirmed.

APPEAL from a decree of the surrogate granting letters of administration upon the goods, chattels and credits, in the county of New York, of David W. Williams, deceased, to Lucy E. Williams.

*Thomas Jackson,* for Fielding L. Williams, appellant.

*John Notman,* for Lucy E. Williams, respondent.

VAN BRUNT, P. J.

The decedent died in June last, at Clarksville, in the State of Tennessee, leaving him surviving no widow, child or father, but leaving him surviving a mother and a half brother. One Polk D. Johnson, of Tennessee, was in July last appointed administrator in that State. There are assets of the deceased in this county and applications for authority to administer upon those assets have been made on behalf of three persons; the decedent's mother, Lucy E. Williams, the respondent herein; his half brother Fielding L. Williams, the appellant, and the said Polk D. Johnson. The

learned surrogate granted letters of administration to the mother, Lucy E. Williams,. to the exclusion of the half-brother. The mother was not a resident or the State of New York, but the half-brother was such resident.

It is claimed, on the part of the appellant, that Lucy E. Williams being a non-resident was disqualified, and that, therefore, the surrogate erred in issuing letters of administration to her in preference to his half-brother, who was a resident of this State. The provisions of the Revised Statutes (2 R. S., 74) as amended by the Laws of 1867, chapter 782, section 6, provide as follows:

"Section 27. Administration in case of intestacy shall be granted to the relatives of the deceased who would be entitled to succeed to his personal estate, if they, or any of them, will accept the same, in the following order: First, to his widow; second, to his children; third, to the father; fourth, to the mother; fifth to the brothers; sixth, to the sisters; seventh, to the grandchildren; eighth, to any other next of kin who would be entitled to share in the distribution of the estate."

Under this provision it is clear that the mother would be entitled to letters of administration in preference to the brother who claims them. It is, however, urged on the part of the brother, that the mother being a non-resident is excluded from receiving such letters. It is not claimed that there is any express provision of the statute which calls for such an exclusion, but that it is the policy of the law, as derived from the legislation upon the subject of administration, to exclude a person who is a non-resident where there are residents capable of administering the estate. In support of this proposition our attention is called to section 2662 of the Code which contains provisions as to when a citation is required, and who shall be cited upon the application for letters of administration.

This section provides that every resident shall be cited, and the surrogate may, in his discretion, issue a citation to non-residents. It is argued, therefore, that as this section in terms dispenses with the necessity of a citation to non-residents, an application here to obtain letters of administration may be made without any notice to non-residents, no matter what degree of kinship they may sustain to the deceased. In answer to the argument thus advanced that this section supports the claim of the appellant, it is sufficient to

say that the section does not provide that whenever a resident makes such application such notice may be given, but that the provisions of the section apply to every application for letters of administration, and leave it discretionary with the surrogate whether persons out of the jurisdiction of the court shall receive notice of the application or not, a very common class of legislation in reference to special proceedings of this character which determine no property rights. Section 32 of 1 Revised Statutes page 75, is very significant upon this point, in the classes named as persons who are not qualified to receive letters of administration. It is as follows: "No letters of administration shall be granted to a person convicted of an infamous crime, nor to anyone incapable by law of making a contract, nor to a person not a citizen of the United States, unless such person reside within this State," etc.

The language "nor to a person not a citizen of the United States, unless such person reside within this State," seems to be very significant in this connection, because it contains a clear implication that a person who is a citizen of the United States, although not residing within this State, is not intended to come within the prohibition of the law. In this provision of the statute the framers thereof had before them the question as to the residence of the applicant for administration, and if they had intended to exclude, or had supposed that the policy of the law excluded non-residents from administering, they certainly, in connection with the provision in regard to citizenship, the absence of which they pronounced to be a disqualification unless the person applying resided within this State, would have included non-residence of a citizen among the disqualifications. It is no answer to these suggestions to say that the provisions in reference to non-residents, who are not citizens, were intended to apply only to those who were seeking to obtain ancillary letters of administration, because if that had been the intention of the legislature, it would have been very easy for them to have said so. No reference is made to ancillary letters and the statute is entirely general in its character. The statute having expressly provided as to the priority of the persons to whom letters of administration shall be granted, and having determined as to disqualifications, nothing can be added to it by judicial legislation, and the withholding of letters of administration cannot be

justified unless the applicant is disqualified by the statute itself. (*Coope* v. *Lowerre*, 1 Barb. chap. 45; *Emerson* v. *Bowers*, 14 N. Y., 449.) Restrictions or modifications of statutes by implication are not to be favored, and unless the provisions are clearly inconsistent and cannot stand together, full effect must be given to all. No provision of the statute is impaired in any manner by giving to section 32 its full effect, and restricting it to its declared provisions. Simply placing non-residents upon a different position from residents as to notice of applications for administration upon assets existing within this State conveys to our mind no intimation or intention upon the part of the legislature to exclude any others than those whom they have expressly declared shall not be entitled to administration.

The decree of the surrogate, therefore, seems to have been correct, and should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Decree affirmed, with costs.